# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **CURT RUSSELL CANNAMELA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-00152 |
| | ) | (Crim. No. 3:17-CR-00219) |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

*************************************************************************

| | | |
|---|---|---|
| **CURT RUSSELL CANNAMELA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-00153 |
| | ) | (Crim. No. 3:18-CR-0006) |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

On January 23, 2018, Curt Russell Cannamela entered a Rule 11(1)(C)(1)(c) plea to an Information filed in case number 3:17-cr-00219 charging him with coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). He also pled guilty in case number 3-18-cr-0006 to a three-count Information charging him with enticement of a minor (Count One) in violation of 18 U.S.C. § 2422(b); and receipt (Count Two) and possession (Count Three) of child pornography, both in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b). The Plea Agreement was accepted and, on December 7, 2018, Defendant was sentenced to the mandatory minimum 10 year term of imprisonment, to be followed by lifetime supervision. No appeal was taken. Instead, on February 8, 2022, Cannamela filed identically-worded "Motions for Resentencing Due to Plain Error" in both

of the above-entitled cases.

Liberally construing those filings as Motions to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, the Court appointed counsel for Cannamela who was given an opportunity to file an amended motion if deemed appropriate. Counsel has since reported to the Court that Cannamela "intends to rely upon the original motion to vacate, set aside or correct sentence" in each case. (Doc. No. 8 in both cases). The Government then filed a consolidated response in opposition. (Doc. No. 12 in Case No. 22-cv-152 & Doc. No. 14 in Case No. 22-cv-153).

Cannamela's Motions fails for a number of reasons, both procedural and substantive. Procedurally, Cannamela's motions are untimely and defaulted.

"The language of § 2255 provides that, except in circumstances not present or asserted here, the one-year statute of limitations for § 2255 motions begins to run on 'the date on which the judgment of conviction becomes final.'" Sanchez-Castellano v. United States, 358 F.3d 424, 426–27 (6th Cir. 2004) (quoting 28 U.S.C. § 2255). When "a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Id. Usually that period is 14 days, unless an extension of time for good cause or excusable neglect has been granted by the trial court. Fed. R. App. P. 4(b)(1), (b)(4). Here, neither a notice of appeal nor motion for extension of time was filed. Because the Judgment in both cases was entered on December 13, 2018 (Case No. 3:17-cr-219, Doc. No. 45), his present Motions were filed more than two years late.

The failure to timely file his motions presents yet another procedural problem for Cannamela. "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent

the direct appeal process." Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003). Consequently, "to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). One who has failed to appeal a claim and therefore procedurally defaulted on that claim "must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." Id. (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Cannamela did not appeal, he makes no effort to establish good cause for failing to raise the issues he now raises on appeal, and he is not actually innocent of any of the crimes to which he pled guilty.

To an extent, the issue of actual innocence plays into Cannamela's arguments on the merits. Those, too, fail.

First, Cannamela argues that the crime of "Attempted Coercion and Enticement" does not exist and quotes the statute for that proposition. However, Section 2242 specifically states in pertinent part that,

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, *or attempts to do so*, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. 2422(b) (emphasis in original).

Even though Cannamela acknowledges that "the word 'attempt' appears in the language of 2422(b)" he claims "that term is specific to conduct where the defendant travels to the destination and the only thing that thwarts a sexual act from occurring is the defendant's arrest on-site in a

3

'sting' similar to the television show 'to catch a predator.'" (Case No. 3:22-cv-00152, Doc. No. 1 at 5). The statute requires no such thing. To the contrary, "the government is not required to prove that the defendant completed or attempted to complete any specific chargeable offense. The government need only prove . . . that the defendant attempted to persuade a minor to engage in sexual activity that would have been chargeable as a crime if it had been completed." United States v. Hart, 635 F.3d 850, 855 (6th Cir. 2011).

Next, Cannamela asserts he could not have attempted to entice or coerce a minor because no minor was involved. Sixth Circuit law is to the contrary. Both that court and "many sister circuits . . . have held that a defendant violates § 2422(b) by communicating only with an adult intermediary if the defendant's communications with that intermediary are intended to persuade, induce, entice, or coerce the minor child's assent to engage in prohibited sexual activity." United States v. Roman, 795 F.3d 511, 516 (6th Cir. 2015).

Cannamela also suggests that his plea was not knowing and voluntary for two reasons. First, he claims that his lack of education "was a significant factor in his ability to comprehend what was happening at the hearing." (Case No. 3:22-00152, Doc. No. 1 at 7). While it may be true that he left school after the nine grade, the record reflects, and Cannamela admits, that he has a GED. According to the Presentence Report, he also completed an online course to obtain certification as a home inspector, and has undertaken self-study to learn about building computers and programming. Moreover, in his plea agreement, Cannamela stated that he "fully understood" his rights and the plea agreement, points he confirmed at his plea hearing. (Case No. 3:17-cr-210, Doc. No. 24 at 1, 14). "A guilty plea is a grave and solemn act," Brady v. United States, 397 U.S. 742, 748 (1970), and "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison,

4

431 U.S. 63, 74 (1977). Cannamela's present suggestion that he somehow did not know what he was doing when signed the plea agreement and entered his plea is rejected out-of-hand.

Second, Cannamela claims that, after he entered federal prison, doctors discovered and removed a "grapefruit size" tumor from his brain. He also claims to have been informed that the "tumor was not new" and, therefore, "it can reasonably be assumed that the tumor was present" at both his plea agreement and sentencing. (Case No. 3:22-cv-00152, Doc. No. 1 at 7). Cannamela's assertion that "[r]esearch has shown that brain tumors of significant size can impact a person's ability to know 'right from wrong,'" (id.), is unsupported and speculative. Besides, he underwent a thorough physical examination and psychological evaluation by the Bureau of Prisons upon his intake. This was months after his sentencing and more than a year after his plea hearing. There is nothing in those records to suggest that Cannamela had any sort of mental defect or the inability to understand, either at the time he signed his plea agreement or at the hearing when he acknowledged his guilt.

Accordingly, the Court rules as follows:

(1) The "Motions for Resentencing Due to Plain Error" (Doc. No. 1) in both of the above-entitled cases are hereby **DENIED**;

(2) Theses two cases are here **DISMISSED WITH PREJUDICE**; and

(3) The Clerk of the Court shall enter a final judgment in both cases.

Finally, because reasonable jurists would not find this Court's assessment of Cannamela's claims "debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), a Certificate of Appealability will not issue.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE